UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:15-CR-101 RLM |
| | ) | |
| ERIC JERMAINE JOHNSON | ) | |

SENTENCING MEMORANDUM

Eric Johnson sold powder cocaine to an informant on two separate occasions. The first time was in a car near a park where children played. The second time was inside a convenience store. The total amount of cocaine involved was less than 50 grams. Mr. Johnson has pleaded guilty to a charge of distribution of cocaine. 21 U.S.C. § 841(a)(1). Neither side objected to the presentence report. The court adopts as its own findings ¶¶ 1-112 of the presentence report, specifically including paragraphs ¶¶ 67-93 concerning Mr. Johnson's financial condition and earning ability.

Mr. Johnson and the government both told the court they had no objections to the conditions of supervision proposed in Part F of the presentence report.

A sentencing court must first compute the guidelines sentence correctly, then decide whether the guidelines sentence is the correct sentence for that defendant. United States v. Garcia, 754 F.3d 460, 483 (7th Cir. 2014). The court applies the 2015 version of the sentencing guidelines.

The base offense level for crimes involving less than 50 grams of powder cocaine is 12. U.S.S.G. § 2D1.1(c)(14). Mr. Johnson's clear acceptance of responsibility reduces his offense level by two levels, U.S.S.G. § 3E1.1(a), producing a final adjusted offense level of 10.

The sentencing guidelines assess five criminal history points for Mr. Johnson's prior criminal convictions. Three points are assessed for his 210-month sentence (later reduced to 110 months) in federal court in 2004 for possession with intent to distribute more than 50 grams of cocaine. U.S.S.G. § 4A1.1(a) Two more points are assessed because Mr. Johnson was serving the supervised release portion of that sentence when he committed this crime. U.S.S.G. § 4A1.1(d). Those five criminal history points place Mr. Johnson in criminal history category III, so the sentencing guidelines recommend a sentencing range of 10 to 16 months' imprisonment. U.S.S.G. § 5A.

The court decides the sentence under 18 U.S.C. § 3553, United States v. Booker, 543 U.S. 220 (2005). Accordingly, the court ordinarily turns to the statutory factors, seeking a reasonable sentence: one sufficient, but not greater than necessary, to satisfy the purposes of the sentencing statute. 18 U.S.C. § 3553(a).

The guideline range is the starting point and the initial benchmark, but the court doesn't presume that the recommended range is reasonable. Gall v. United States, 552 U.S. 38, 50 (2007). As just calculated, the sentencing guidelines, which ordinarily pose the best hope, on a national basis, for

avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6); United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006), recommend a sentencing range of 10 to 16 months.

The court can't impose a sentence within the guideline range – or any sentence other than 48 months – because the plea agreement contains a binding recommendation for a 48-month sentence. Fed. R. Crim. P. 11(c)(1)(C). Given the exposure Mr. Johnson faced on a petition to revoke his supervised release (a petition the government has agreed to withdraw as part of this plea agreement), and Mr. Johnson's many criminal convictions that were too old to be considered as part of his criminal history category, the court agrees with the parties that a 48-month sentence is reasonable within the meaning of 18 U.S.C. § 3553(a).

The statute of conviction requires a supervised release term of at least three years, and no basis appears on this record to impose a longer term. The conditions of supervised release would be those set forth in ¶¶ 113 to 122 of the presentence report, to which Mr. Johnson affirmatively told the court that he had no objections.

Mr. Johnson can't pay the fines recommended by the guidelines even if afforded the most generous of installment payment schedules, so the court imposes no fine. A special assessment of $100.00 is mandatory. 18 U.S.C. § 3013.

Accordingly, it is the judgment of the court that the defendant, Eric Jermaine Johnson, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 48 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years. While on supervised release, the defendant shall comply with the terms of supervision set forth in ¶¶ 113 to 122 of the presentence report, which paragraphs the court incorporates as part of this sentence. Mr. Johnson expressly waived the reading in open court of the conditions of supervision. Based on the court's observations during the sentencing hearing and the representations of counsel, the court finds that Mr. Johnson is fully competent and knowingly and voluntarily waived both his right to object to the conditions of supervision and his right to have the conditions read aloud to him as part of the imposition of sentence.

Within 72 hours of placement on supervision after release from the custody of the Bureau of Prisons, defendant shall report in person between the hours of 8:00 a.m. and 4:30 p.m to the United States Probation Office in the district for which the defendant has an approved release plan. During this meeting the probation officer is directed to remind the defendant of the conditions of his supervision and also to consider whether to recommend to the court any modifications of or additions to those conditions in light of any changes in the defendant's circumstances since the sentencing hearing. The court also directs the Probation Office to notify the court upon the defendant's

placement on supervision, so that it may consider any appropriate modifications to the defendant's supervised release and schedule a hearing on that topic, if necessary.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine recommended by the sentencing guidelines, the court imposes no fine.

The defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately.


ENTERED:   November 8, 2016


    /s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court

cc:   E. Johnson
      J. Kimmel
      F. Schaffer
      USM
      USPO